United States Courts
Southern District of Texas
FILED

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# LAREDO DIVISION

OCT 0 5 2020   CM

David J. Bradley, Clerk
Laredo Division

**JOSE REYES LUJAN TREVIÑO,**

Plaintiff,

No. 5:20-CV-180

VS.

**JURY TRIAL DEMANDED**

**ARMANDO GUTIERREZ,**

**VICTOR LUJAN JR.,**

**JANE DOE,**

**JOHN DOE,**

**UNKNOWN NAMED DHS ICE OFFICE OF THE CHIEF COUNSEL SAN ANTONIO TEXAS.**

**UNKNOWN NAMED DHS ICE CBP OFFICERS LAREDO-SAN ANTONIO TEXAS DISTRICT,**

**IMMIGRATION COURT SAN ANTONIO DISTRICT**

**CLERK OF THE IMMIGARTION COURT,**

**IMMIGRATION JUDGE CYNTHIA LAFUENTE GAONA,**

**IMMIGRATION JUDGES JANE DOE,**

**IMMIGRATION JUDGES JOHN DOE,**

**SOCIAL SECURITY ADMINISTRATION,**

Individually and in Their Official Capacities, as Federal Officers and employees of the United states

Defendants,

Page 1 of 44

# I. SUBJECT MATTER JURISDICTION

**1.** This is a civil action authorized by 42 USC Section 1981, 1982, 1983 (Biven's Action) 1985, 1986, 1988, et seq., to redress the deprivation of rights secured by the Constitution of the United States and Treaties. The Court has jurisdiction under 28 USC Section 1331, 1332. A federal Court has a subject matter jurisdiction over civil cases arising under the Constitution, Laws or Treaties of the United States. Or over all civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exist between the parties. **BALDERAS V. NGUYEN**, USDC NDTX NO. 3:19-cv-2826-D. See, **KUKANA V. HOLDER**, 558 U.S. 233, 253. Cited by **REYES MATA V. LYNCH**, holding that the Fifth Circuit erred in declining to take jurisdiction over MATA' appeal. Indeed a Court of Appeals has jurisdiction to review a Court's rejection of a alien Motion to Reopen. **[FN:1] GARNER V. GIAURRUSO,** 571 F.2D 1330, 1340(5TH CIR. 1978).

**2.** The United States District Court for the Southern District of

FN.1_____

IN **KUKANA** THE SUPREME COURT HELD THAT NOTHING ABOUT THE JURISDICTION CHANGES WHERE THE BOARD [BIA] REJECTS A MOTION AS UNTIMELY OR WHERE ITS REJECTS A MOTION REQUESTING EQUITABLE TOLLING OF THE TIME LIMIT. THAT JURISDICTION LIKEWISE REMAINS UNCHANGED IF THE COURT'DENIAL ALSO CONTAINS A SEPARATE DECISION NOT TO EXERCISE ITS *SUA SPONTE* AUTHORITY

Texas Laredo Division is an appropriate venue under 28 USC Section 1391(a)(d) because it is where the events giving rise to this claim occurred.

**3.**    Plaintiffs´ claims for injunctive relief are authorized by 28 USC Section 2283 & 2284 and Rule 65 of Federal Rules of Civil Procedure. **STARK V. HAMILTON**, Infra. The Court has supplemental jurisdiction over Plaintiff state law claims under 28 USC Section 1367. **ROBERTSON V. WEGMANN,** 436 U.S.584 (1978) Cited by **BELL V. CITY OF MILWAUKEE**, 746 F.2D 1205 (7TH CIR. 1984)

**4.**    Plaintiffs seek declaratory relief pursuant to 28 USC Section 2201 & 2202. **STARK V. HAMILTON**, 149 GA 227 NO. 1267 (JULY 16TH 1919).
Plaintiffs invoke the Sherman Act as violative to sections 1-7. **CHRISTIANSON V. COLT INDUSTRIES**, 486 U.S. 800 (1988) And Clayton Antitrust Act, 15 USC Section 4 [jurisdiction of Courts, Duties of U.S. Attorneys; Procedures]. The several district courts are invested with jurisdiction to prevent and restrain violations of Section 1-7 of this title. See, also 15 USC Sections 13 and 15.

**5.**    Plaintiffs invoke the Federal Statutes 28 USC Section 1338(a) **HURN V. OURSLER**, (1933, 53 S.CT. 586, 289 U.S, 238, 77 L.ED. 1148) And 28 USC Section 1350. Alien´s Action for Tort, since

Plaintiff is a Mexican-American Citizen and Legal Permanent Resident of the United. **KIOBEL V. ROYAL DUTCH PETROLIUM CO**., 569 U.S. 108 (2013) Citing, **FILARTIGA V. PEÑA IRALA**, Infra. See 28 USC Section 1338-13138(a).

**6.**    This is a BIVENS Action pursuant the Supreme Court holding in <u>BIVENS V. SIX UNKNOWN NAMED AGENTS</u>, 403 U.S. 388 (1971) in which the Supreme Court held that a violation of one´s Fourth Amendment rights by federal officers can give rise to a federal cause of action for damages for unlawful searches and seizures.

## II.  PLAINTIFF

**7.**    Plaintiff, JOSE REYES LUJAN TREVIÑO, is at all time mentioned as an abroad citizen of the United States pursuant to INA Section 322 (since his deceased biological mother is an American Citizen) he is currently residing at Nuevo Laredo, Tamaulipas Mexico. For reason stated in this complaint and due to ineffective assistance of counsel for immigration purposes, Plaintiff became a Legal Permanent Resident of the United States, instead to obtain his statutory right to citizenship as a child of an American Citizen. <u>JOSE PADILLA V. KENTUCKY,</u> Infra. Citing <u>STRICKLAND V. WASHINGTON</u>. Infra. Plaintiff is an elder person, who born on September 16th1948. Plaintiff is acting Pro Se in this cause of

action and assisted by the Civil and Human Rights Reporter and philanthropist MR. REYNALDO FLORES. On September 15th 2019, Plaintiffs learned by first time that the injuries inflicted to him are the result of the conspiratorial and illegal actions perpetrated by the defendants against him, his property and business. 42 USC Section 1981; 1983;1985;1986. These claims are being filed within both State and Federal Statute of Limitations. However, this claims and suit are governed by 28 USC Section 1350. Which statute of limitations is ten (10) years. Plaintiff invoke equitable tolling in this matter pursuant the holding in **BELL V. CITY OF MILWAUKEE,**

## III. DEFENDANTS

**8.**      **VICTOR LUJAN JR., ARMANDO GUTIERREZ**, unknown Named **DHS-ICE** officers **CBP** Officers, **USCIS** Officers **I.J. CINTHYA LAFUENTE GAONA**, I.J. **JANE DOE** I.J. **JONH DOE SOCIAL SECURITY ADMINISTRATION**, and **CLERK OF THE IMMIGRATION COURT** are named Defendants in this cause of action and suit. The Defendants are civil and criminal liable under several provisions of Title 8 USC and 18 USC.

**9.**      **VICTOR LUJAN JR.**, is the biological child of Plaintiff's brother, who taking advantage of his father' insanity and Plaintiff's absence, acting in collusion with ARMANDO GUTIERREZ, and other unknown named parties, proceeded to embezzle Plaintiff's property and business after maliciously reported Plaintiff with the

Department of Homeland Security CBP officers as an illegal alien present in the United States back on 2005, despite his abroad citizenship and long time unrelinquished LPR status in the U.S. **(FN.2).**

On 2016, defendant VICTOR LUJAN JR., being aware that Plaintiff became an indigent person due to his erroneous removal to Mexico (despite his LPR status) and embezzlement of his property and money, this defendant in clear discriminatory fashion and complete disregard by Plaintiff's rights and inability to return into the United States, falsified an affidavit and Plaintiff's signature in order to take control of Plaintiff's properties and business.

Defendant LUJAN JR., taking advantage of Plaintiff's brother insanity (who was the manager of Plaintiff's business between 2005-2016) coerced him to sign a sort of document in order to appear as owner of Plaintiff's warehouses and business and by such mean of lies and deception introduced himself as a *bona fide* sponsor and entered in a marriage fraud with a Philippine woman in order to bring her into the United States, mocking the weak United States  Immigration Laws. 8 USC Section 1325. Both defendants LUJAN JR., and ARMANDO GUTIERREZ in clear abuse

**FN.2**_____

PLAINTIFF MOTION TO REOPEN IMMIGRATION PROCEEDING IS CURRENTLY PENDING BEFORE THE DEFENDANTS UNITED STATES DEPARTMENT OF JUSTICE IMMIGRATION COURT PURSUANT TO 8 USC SECTION 1229a(C)(7) AND SUPREME COURT HOLDING IN JUDULANG V. HOLDER. AND ASPRILLA V. BARR MARCH 23RD 2020.

of office as Book Keeper, sold one of Plaintiff's property in the amount of U.S. $800,000.00.

**10.**    Defendant **ARMANDO GUTIERREZ**, is a former employee and book-keeper of Plaintiff's business, who acting in collusion with LUJAN JR., conspired to fabricated a false official document and Plaintiff's signature in order to deprive Plaintiff's properties and business. This Defendant along with unknown individuals conspired to embezzle Plaintiff warehouses-rents and income for a period of fifteen (15) years. On September 15th 2019, Plaintiff learned that the Defendants sold one of the warehouse on the amount of US $ 800,000.00. receiving nothing of such transaction. Instead Plaintiff have received threats by the defendants to be assaulted if return into the United States.

**11.**    Defendants DHS-ICE-CBP Laredo-San Antonio District and USCIS Unknown Named Officers are the same defendants who injured millions of Legal Permanent Residents and U.S. Citizens and other qualifying immigrants based on discriminatory fashion and false entry to record. 42 USC Section 1981, 1983,1985(2)(3)1986. And having power to prevent such injuries conspire to arrest and seize their victims without probable cause or even reasonable suspicion to prosecute them. LOPEZ V. GONZALEZ, 549 U.S. 47 (2006).

Page 7 of 44

Said defendants instead to discharge their duties and Constitutional obligations to serve the interest of the justice and society, conspired with their supervisors and San Antonio Texas, Immigration Judges to keep abducted their victims in the customary published horrible and inhuman conditions in frozen cells torturing, and denying their victims access to the courts through deficient and unconstitutional law libraries lacking paralegal services, until coerce them to leave the U.S., **28 USC Section 1350. (FN.3).** all in an effort to justify their illegal,

**FN.3**_____

TORTURE VICTIM PROTECTION ACT OF 1991. SECTION 2. ESTABLISHMENT OF CIVIL ACTION (a) LIABILITY-AN INDIVIDUAL WHO UNDER ACTUAL APPARENT OR APPARENT AUTHORITY, OR COLOR OF LAW OF ANY FOREIGN NATION-

    (1) SUBJECTS AN INDIVIDUAL TO TORTURE SHALL IN A CIVIL ACTION BE LIABLE FOR DAMAGES TO THAT INDIVIDUAL.................

        (b) FOR THE PURPOSE OF THIS ACT-

    (1) THE TERM TORTURE MEANS ANY ACT , DIRECTED AGAINST AN INDIVIDUAL IN THE OFFENDERS´ CUSTODY OR PHYSICAL CONTROL, BY WHICH SEVERE PAIN OR SUFFERING WHETHER PHYSICAL OR MENTAL IS INTENTIONALLY INFLICTED ON THAT INDIVIDUAL FOR SUCH PURPOSES AS OBTAINING FROM THAT INDIVIDUAL OR A THIRD PARTY INFORMATION OR CONFESSION, PUNISHING THAT INDIVIDUAL FOR AN ACT THAT INDIVIDUAL OR A THIRD PERSON HAS COMMITED OR IS SUSPECTED HAVING COMMITED, INTIMMITADING OR COERCING THAT INDIVIDUAL OR A THIRD PERSON HAS COMMITED OR FOR ANY REASON BASED ON DISCRIMINATION OF ANY KIND; AND

    (2) MENTAL PAIN OR SUFFERING REFERS TO PROLONGED MENTAL HARM CAUSED BY OR RESULTING FROM

(A) THE INTENTIONAL INFLICTION OR THREATENED INFLICTION OF SEVERE PHYSICAL PAIN OR SUFFERING...........

arbitrary and irrational actions, once Plaintiff and other immigrants invoking their statutory and Constitutional rights of Motion to Reopen Immigration Proceedings.

The FBI record reveals that indeed Plaintiff was illegally arrested by the defendants without probable cause o even reasonable suspicion solely obeying to personal favors of the defendants LUJAN JR., and GUTIERREZ´ behalf and with the evil purpose to divide their plunder once Plaintiff´s abduction and removal to Mexico be executed. BROWN V. ILLINOIS. Infra. As the evidence would reveal on discovery, Plaintiff never serve even a year incarcerated in order to be found inadmissible. 8 USC Section 1254 (a) (4). Cited by; **HERNANDEZ ROBLEDO V. INS**., Infra. However, Plaintiff is and have entitled to 212(c) relief. See, **EXHIBIT A**.


12.      Defendants, **CYNTHIA LAFUENTE GAONA**, JANE DOE and JANE DOE, are the appointed Immigration Judges who are statutorily compelled to administrate justice without abusing of discretion. Judges are impartial decision makers in the pursuit of justice. HERNANDEZ ROBLEDO V. INS, 777 F.2D 536 (9TH CIR. 1985). See also, GARCIA CARIAS V. HOLDER, (addressing the abuse of discretion standard holding that an I.J. is not allowed to act in an illegal, arbitrary or irrational fashion). See Code of Conduct for U.S. Judges. Canon 1-5.

LAFUENTE GAONA, (along with ROBER POWELL, XIOMARA DAVIS, ET AL) is the same defendant in a pending Class Action who acting out of her role of her judicial capacity as an Immigration Judge, ordered the Clerk of the Immigration Court San Antonio District to mail out several arbitrary denial of a timely Motion to Reopen to unrelated addresses as in MATTER OF BONIFACIO LUJAN RODRIGUEZ A 039 108 835 defendant LaFuente Gaona ordered the Clerk of the Court to deliver the DENIAL of a Motion To Reopen to a Corpus Christi mailing address, despite the record reveals that Movant mailing address is located at Laredo Texas. See, **EXHIBIT C**. all in an effort to bar Lujan Rodriguez of a timely appeal.

Said customary judicial misconduct of Immigration Judges and RICOMEN DHS ICE Officials has been clearly established on countless of immigration proceedings. In ZURITA V. BARR, 5TH CIR. NO. 20-60048/A O36 745 055 the I.J. and defendant ROBERT POWELL, acting in criminal cahoot with the shareholders of the criminal organization TEXAS´ GULAG TDCJ, ordered to serve an irrational DENIAL of a Motion to Reopen to Movant in an Immigration Detention Center, from which Zurita was released back on 1996. And so on........

Defendant LaFuente Gaona is being sued on his personal and official capacity for injunctive relief and damages TOWER V. GLOVER, 476 U.S.914, 81 L.ED 2D 758, 104 S.CT. 2820.(holding that state public defenders (as judges and prosecutors) are not

immune from liability under 42 USC Section 1983 for intentional misconduct under color of state law, by virtue of alleged conspiratorial action with state officials that deprives their client of federal rights).

**13.**    **Defendants DHS ICE, USCIS, CBP Officers**. It is the duty of District Attorneys (DHS ICE Office of the Chief Counsel in this matter) to prosecute offenders and put an end to the violation of the immigration laws and illegal entries into the United States. Not to consent the continuous violation of Civil and Human Rights. Historically DHS ICE officer as well as the Office of the Chief Counsel acting in collusion with CBP officers at Laredo and San Antonio Texas, have been consenting the rape, kidnapping and torture of immigrant women, children. To the extent to prosecute victims of crimes, as noted in <u>REYNALDO FLORES V. BEXAR CNTY D.A., THE TEXAS GULAG TDCJ IV REGION, IV COURT OF APPEALS DISTRICT OF TEXAS, ET AL,</u> NO. 2015 WL 10436114(S.D.TEX. NOV. 17 2015) case in which the Human Rights Reporter REYNALDO FLORES and his 3 biological children were kidnapped and tortured by these same defendants in this suit, while falsely charging FLORES of a multifarious double jeopardy charges of lesser and greatest false offenses, (in 2012 CR 1969) to his insane wife, said alleged false victim has been used as a sexual slave in the United States, in order to secure the continuous incarceration of immigrants and colored people on sexual assault

Page 11 of 44

charges.

FLORES allowed the defendants the customary performance
of their judicial circus in order to entrap them in their own device
and outrageous misconduct in an infested private Jury Trial
*primarily composed of a venier of felons and San Antonio city*
*employees,* until the very last day of trial in which FLORES disclose
a footage which exposed the customary lies and deceptive practices
of the Texas Judicial System, the alleged victim never was
kidnapped, nor raped, neither assaulted. And in clear retaliation for
the outcome of the proceeding which resulted in acquittal, FLORES
was sent to the TEXAS´ GULAG in order to cause him disappear
and trade his children as slaves, and avoid the society and
international community learn about such customary brutality.

The defendants DHS-ICE having knowledge of this customary
criminal conduct instead to provide protection to FLORES and his
children, acting in criminal cahoot with the Immigration Court
LAFUENTE GAONA, not solely GRANTED a Legal Permanent
Residence to the sexual slave, MAYRA RUBIO SANCHEZ as a false
victim of Aggravated Kidnapping and Sexual Assault, but also
initiated a prosecution against FLORES.

In a well known case in TEXAS V. THE C.B.P. JUAN DAVID
ORTIZ, the offender CBP Officer explained to the media how he
raped and murdered his victims and throwed their victims´ bodies
into the field and Rio Grand, simply because he is a last decision
maker. Until one of his victim successfully scaped from abduction

Plaintiff is simply one more of millions of victims of the DHS ICE and CBP defendants, who having power to prevent the injuries fail to do so. See, KALINA V. FLETCHER, Infra. BIVENS V. SIX UNNOWN NAMED AGENTS, 403 U.S 388 (1971).

**14.**    Defendant, IMMIGRATION COURT CLERK. Despite his clear established duties, which is not discretionary, this defendant, repeatedly violated Plaintiff Freedom of Information Act Petitions, 5 USC Section 552 and Title 42 USC Section 1986. The last violation of both federal statutes occurred within the statutory one year time limit, See **EXHIBIT B**.

**15.    SOCIAL SECURITY ADMINISTRATION,** is being sued on its official capacity by the continuous violation of the Fifth Amendment of the U.S. Constitution and Treaties against Legal Permanent Resident and U.S. citizens illegally removed from the United States. Specifically the flagrant violation of  Double Jeopardy Clause of the 5th Amendment. This defendant have been denying access to Plaintiff's retirement funds, adducing that Plaintiff was deported from the United States for which Plaintiff has no right to his retirement funds. MONTANA DEPT. OF REVENUE V. KURT RANCH, NO. 93-144. Holding that the tax violates the constitutional prohibition against successive punishment for the same offense. Pp. 8-17.

## IV. EXHAUSTION OF LEGAL REMEDIES

**16.** Despite Plaintiff's indigency, Plaintiff repeatedly and by third parties contacted the Defendants in an effort to settle this case out of Court. Instead Plaintiff and family have been threatened by the Defendants LUJAN JR., and ARMANDO GUTIERRREZ to be beated or maimed if Plaintiff and siblings continue claiming Plaintiff's properties. In clear discriminatory fashion as a disable person and other based class animus, adducing that Plaintiff lacks any merit on any potential suit, the defendants refuse to provide due process in this matter. Plaintiff contacted the Human Rights Reporter MR. REYNALDO FLORES, at his Office in Mexico, in order to file this suit, having not fair opportunity to obtain justice and lacking financial means to afford attorney's fees. Neither give security and Court fees in this matter.

On September 22nd 2005, while Plaintiff returned from Mexico to the United States, Plaintiff was arrested by the defendants DHS-ICE and CBP officers, adducing that Plaintiff is an inadmissible alien and confined him in a metal cage and frozen cell, in order to bar him of access to the Immigration Court, for which Plaintiff was compelled to hire a retained lawyer who embezzled the entire attorney's fees in advance, clearly representing conflicting interests, leaving Plaintiff exposed to the capricious of the defendants, for which Plaintiff was forced to leave the United States. PADILLA V. KENTUCKY, Citing

STRICKLAND V. WASHINGTON.

It was until Plaintiff met the Human Rights Reporter and Pro se Litigant Mr. Reynaldo Flores, at Nuevo Laredo Tamaulipas, Mexico, and learned about the latest Supreme Court precedents in JUDULANG V. HOLDER, 132 S-CT. 476 (2011) date in which, Plaintiff filed his Motion to Reopen Immigration Proceedings and 212(c) waiver applications. See, **EXHIBIT A**. FLORES assisted him to file his

Motion to Reopen before the defendants Cynthia LaFuente Gaona, back on June 30th 2018.

Without hesitation and with due diligence, Plaintiff filed five (5) F.O.I.A. Petitions before the defendants DHS-ICE Office of the Chief Counsel and Immigration Court, Judge Cynthia LaFuente Gaona, in order to update his immigration case. No response have been received on Plaintiff's mailing address. See, **EXHIBIT B**.

Despite Plaintiff's indigency and assisted by beloved friends On March 19th 2019, Plaintiff filed his Application for Waiver of Grounds of Inadmissibility challenging his erroneous removal and clear violation to the Equal Protection of Law and Due process Clause. Plaintiff Application was denied without any explanation or supporting statutory or legal authority. See, **EXHIBIT C.**

## V.  STATUTE OF LIMITATIONS

**17.**    The statute of limitations in this matter is ten (10) years pursuant to 28 USC Section 1350 Alien´s Action for Tort. No legal

venue or relief exist in State Courts if this case is filed in Webb County Courts, or any other State Court, since this suits involves variety of citizenships, and the proper venue is correctly cited as Alien's Action for Tort, as violative to several provisions of the United Nations Universal Declaration of Human Rights, The Convention Against Torture, Alien Tort Claim Act (ATCA) et seq. PAPA V. U.S.A., 281 F.3D 1004 (9TH CIR. 2001) See, KIOBEL V. DUTCH ROYAL PETROLIUM CO., 569 U.S. 108 (2013)(whether and under what circumstances the Alien Tort Statute, 28 USC Section 1350, allows courts to recognize a cause of action for violation of the law of nations occurring within the territory of a sovereign other than the United states)

**The ATS statute 28 USC Section 1350 reads in pertinent as follow:**

.............(c) STATUTE OF LIMITATIONS-No action shall be maintained under this section unless it is commenced within ten (10) years after the cause of action arouse.

Here, Plaintiff action is being filed within the statutory time limit whether under State or Federal statute of limitations since the injuries were discovered on September 15th 2020, despite due diligence and effort to legally return into the United States since the date of his erroneous removal to Mexico.

# VI. STATEMENT OF THE CASE

**18.**        On or about June 15th 1997, Plaintiff purchase from MR.
OSCAR FERNANDEZ and TEX MEX RAIL ROAD COMPANY
(respectively) the commercial properties located at 817, 818 and
820 Willow Street Laredo Texas 78040. In addition to said
purchase, on or about June 15th 2000, Plaintiff obtained from MR.
John Doe and TEX MEX RAIL ROAD COMPANY a warehouse and
land located at Logan 620 Avenue Laredo Texas 78040.

For almost 30 years Plaintiff operated his profitable business
and commercial properties, to the extent to involve his brothers and
family members in order to built a successful real state commercial
company business.

It was until September the 22ND 2005, while Plaintiff possessed over
35 years of unrelinquished legal residency in the United States,
where Plaintiff was entrapped by the defendants who acting in
criminal cahoot with personal friends John Doe and Jane Doe,
Border Patrol Officers arrested, seized and confined Plaintiff without
GERSTEIN HEARING of probable cause, in the customary denial of
access to immigration courts and for 6 long months time period.
Plaintiff was abducted in a frozen cell, at Laredo Texas, by the
defendants DHS-ICE officers despite the lack of credible evidence to

Page 17 of 44

keep incarcerated Plaintiff. The FBI record reveals that Plaintiff never was charged by any crime or violation of any provision of deportability of the Immigration and Nationality Act. Despite the outrageous attorneys fees charged by a retained counsel that did nothing else that represent the interests of the defendants, despite the Supreme Court case law precedents in <u>SAINT CYR V. INS,</u> 533 U.S. 289 (2001) and <u>LOPEZ GONZALEZ,</u> 549 U.S. 47 (2006). See also, <u>MATTER OF PENA DIAZ</u> A-30568827 DEC. AUG. 4TH 1994(despite DIAZ for conviction and sentence possession of controlled substance in the Texas´ Gulag TDCJ, the Board of Immigration Appeals sustained DIAZ´ appeal since DIAZ was a person of good moral character for the qualifying 10 years period of time despite his criminal conviction).

The record reveals that Plaintiffs was forced to leave the United states on or about February 22nd 2006, only after the defendants embezzled his assets and obtained Plaintiff involuntary departure by mean of torture and brutality. See, U.N. Convention Against Torture Art. 3 and 16.


On or about September 15th 2019, Plaintiff learned that the defendants LUJAN JR., and ARMANDO GUTIERREZ, sold one of his commercial property without his consent on the amount of US $800,000.00 (eighth hundred thousand Dollars) while mocking Plaintiff. Defendant VICTOR LUJAN JR., by force, intimidation and

by mean of deception toke control Plaintiff's properties in order to deceive the United States immigration laws by presenting himself in *bona fide* sponsor in order to enter in marriage fraud with a Philippine woman. 8 USC Section 1325(c) and 18 USC Section 1546. CHIN BICK WAH V. UNITED STATES, 245 F.2D 274 (9TH CIR.) *CERT. DENIED*, 355 U.S. 870 (1957).

**19.**      Once the defendants LUJAN JR., and ARMANDO GUTIERREZ, toke control of Plaintiff' properties initiated a harassment campaign and verbal assaults and intimidation against Plaintiff's clients in order to embezzle Plaintiff's money, leaving Plaintiff totally indigent at Nuevo Laredo Tamaulipas Mexico.

Plaintiff have been deprived of property life and liberty by the defendants, and being a disable person without income Plaintiff also has been denied access to his retirement fund by the defendant Social Security Administration, adducing that because Plaintiff was removed from the United States, he has not right to access his retirement funds. Said illegal and arbitrary action violated the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitutions and Treaties.

Without any fair opportunity to obtain relief in this matter Plaintiff is filing this suit solely assisted by the Human Rights Reporter and Philanthropist MR. REYNALDO FLORES. In abeyance

that this court GRANT compensatory and punitive damages and injunctive relief. And immediately GRANT access to his retirement funds. In order to fairly litigate this cause of action.

## VII.  LEGAL CLAIMS

## CLAIM NUMBER ONE

**20.**    Plaintiff is acting Pro Se pursuant the Sixth Amendment of the United States Constitution and Supreme Court holding in the Supreme Court holding in **RUIZ V. UNITED STATES**, 160 F.3D 273, 274(5TH CIR. 1998)(per curiam), cert. denied, 527 U.S. 1041 (1999) Plaintiffs Pro Se complaint must be read indulgently, **HAINES V. KERNER,**404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational, or wholly incredible. **DENTON V. HERNANDEZ,** 504 U.S. 25, 33 (1992). Plaintiff invokes Rule 8(a) Fed. R. of Civ. Proc.


**21.**    Plaintiff claims that the Defendants LUJAN JR, and ARMANDO GUTIERREZ violated the Sherman Act/Clayton Act through their inequitable conduct toward Plaintiff person property and business.

Plaintiff claims that the both Defendants violated his clear established federal rights as provides the Sherman Act and Clayton Act as discriminating him based on his national origin as a Mexican

American citizen and disability and other based class animus.

**Further,** the Defendants violated **Title 15 USC Section 13.** Discrimination in price services or facilities and **15b Limitation of Action.** Provides a cause of action and statute of limitations within four (4) years, after the cause of action accrued.

Here, the Defendants LUJAN JR., and ARMANDO GUTIERREZ with callous indifference for the Act, acting as last decision makers, inequitable conduct, discriminatory fashion and in clear mockery toward Plaintiff proceeded to embezzle Plaintiff' money from the lease/rents on the amount of not less that US $300,000.00 Dollars for a period of time of 15 years, while falsifying Plaintiff' signature, denying access to Plaintiff' money, commercial property and business, in their belief that Plaintiff would be unable to file this claims, since Plaintiff lacks knowledge of English language, and became an indigent person having no rights in the United States, despite his Mexican-American citizenship and LPR status since 1970.

## SECTION 4 (15 USC Section 15)

**22.** **Section 4 of the act provides:**

(a) Amount of recovery/prejudgment interest.  Except as provided in subsection (b) of this Section. Any person who shall be injured in his business or property for reason of anything forbidden in the antitrust laws may sue therefor in any District Court of the United States in which the District in which

Page 21 of 44

the Defendant resides or is found or has an agent, without respect of the amount in controversy, and **shall recover threefold the damages by him sustained, and the cost of the suit, including a reasonable attorney's fee. (FN.4)**

The Court may aware under this Section, pursuant to a motion by such person promptly made, simple interest or actual damages for the period beginning on the date of service of such person pleadings setting forth a claim under the Antitrust Laws and ending on the date of judgment, or for any shorter period therein, if the Court finds that the aware of such interest for such period is just in the circumstances....................

For the clear established violation of the Sherman Act Section 4-Clayton Act of Title 15 Sections 13 and 15a and discrimination against Plaintiff and denial of access to his money, business and property and unfair misconduct of the Defendants LUJAN JR., and ARMANDO GUTIERREZ; Plaintiff is claiming 900,000.00 plus interests for the embezzlement of his business and rents for a period of 15 years. Plaintiff is claiming injunctive relief and protective order against the defendants LUJAN JR., and ARMANDO GUTIERREZ, since both defendants are threatening to

**FN.4**_____

SHERMAN ACT. APPROVED ON JULY 2D 1980. THE SHERMAN ANTI-TRUST ACT WAS THE FIRST FEDERAL ACT THAT OUTLAWED THE FEDERAL MONOPOLISTIC BUSINESS. CODIFIED AS 15 USC SECTIONS 1-7 (2013)

injure Plaintiff and family members, furthermore, LUJAN JR., has directed threats to Plaintiff's brother to cause him disappear in any nursing home in order to embezzle the remaining properties and family assets, for which Plaintiff and family members have been in imminent risk of physical injury at the hands of the defendants.

## VIII. CLAIM NUMBER TWO

**23.** Plaintiff claims that the Defendants DHS-ICE, USCIS, CBP Officers, Immigration Judges, Clerk of the Immigration Court, and Social Security Administration, violated his 1866 Federal Statute and Thirteenth and Fourteenth Amendments Constitutional rights under 42 USC Sections 1981, 1983, 1982, 1985(2)(3) and 1986. All these deprivation of rights occurred within the statutory time limit.

## Section 1981 of the Civil Rights Act

This Section protects against discrimination on the base of race and alienage. **GARBER V. GIARRUSSO,** 571 F.2D 1330, 1340 (5TH CIR. 1978); **LYNCH V. CANNATELLA,** 810 F.2D 1363 (5TH CIR. 1987). Section 1981 is not confined to contractual matters, though is most often invoked in that context. its deal with the protection of civil Rights, including the right to make and enforce contracts, to sue and give evidence, as noted by the Third Circuit in **HALL V. PENSYLVANNIA STATE POLICE**, 570 F.2D 86, 91 3D CIR,

1978)(racially motivated misuse of Governmental power falls within the ambit of the language of Section1981 where one of the enunciated right is denied.......

      Plaintiff argues that Defendants LUJAN JR., and GUTIERREZ, conspired with the defendants DHS ICE and CBP Officers, to injure Plaintiff in clear discriminatory and customary fashion, having power to prevent the injuries inflicted to Plaintiff, Defendants have been mocking Plaintiff for the last 15 years taking his life, liberty and property based on Plaintiff's illiteracy (lack of knowledge of English language) and National origin as a Mexican American Citizen **JOHN V. JONES ALFRED H. MAYER CO.,** 392 U.S 409, 88 S.CT. 2186, 20 L.ED 2D 1189. **(FN.5).** and Disability, in their belief that Plaintiff would never file this complaint. 42 USC 1985(2)(3)-1986.

      For the clear established violation of Plaintiff civil rights and denial of access to the immigration court, denial of access of

### IX CLAIM NUMBER THREE

**24**.    **DEFENDANTS´ MODUS OPERANDI.** Plaintiff argues that the Defendants DHS ICE, CBP, USCIS Officers and Immigration

**FN.5**_____

**THE SUPREME COURT IN JONES HELD:** AN 1866 FEDERAL STATUTE, 42 USC SECTION 1982, BARS ALL RACIAL DISCRIMINATION, PRIVATE AS WELL PUBLIC IN THE SELL OR RENTAL OF PROPERTY...........

Plaintiff˜ money and property Plaintiff claims five (5) million Dollars
in punitive damages and ten (10) million Dollars in compensatory
damages. Against each defendant. Section 1350, **Alien˙ Action for
Tort**, under the United Nations Court/Judge(s) CYNTHIA
LAFUENTE GAONA, JANE DOE and JOHN DOE  and Clerk of the
Immigration Court violated his Federal statutory right pursuant to
28 USC Convention Against Torture since the aforementioned
deprivation constitutes Tort under the United Nations Universal
Declaration of Human Rights which provides:

      **Article 7**. all are equal before the law and are entitled
without discrimination to protection of the law.............See also
Art,12, and 17 of the U.N. Declaration of Human Rights.


**25.**      The defendants violated the _Torture Victim Protection Act_ by
arresting, seizing, confining and torture Plaintiff for six (6) long
months acting in criminal cahoot with the defendants LUJAN JR.,
and ARMANDO GUTIERREZ, who falsely reported Plaintiff as an
illegal alien present in the United States. The defendants DHS-ICE
CBP Officers and Immigration Court, having access to the record
which reveals that Plaintiff possesses an Alien Number A 022 856
021 and a valid Social Security Number, which contributions since
the earliest 1970˜. Said evil actions taken with the solely purpose to
deprive Plaintiff of life, liberty and property, without due process of

law, and later divide their plunder, once plaintiff defeated by his erroneous incarceration in an Immigration Detention Center, in a frozen cell, was coerced to leave the United States by the well known customary brutality which the defendants inflicted to their victims in Immigration Detention Centers in the United States. The defendants acting out of their judicial or prosecutorial capacities conspired with *deliberate indifference* to injure Plaintiffs in order to bar him to legally enter into the United States, and avoid him of access to his retirement funds, as an elder person in his inability to support himself. The actions of the defendants constitute cruel and unusual punishment under the 8th and 14th Amendments of the United States Constitution and U.N. Convention Against Torture. FARMER V. BRENNAN, 511 U.S. 825 (1994)(the court ruled that a prison official deliberate indifference to a substantial risk of serious harm to an inmate violates the cruel and unusual punishment Clause of the Eighth Amendment. WILSON V. SEITER. 501 U.S. 294 L.ED. 271, 111 S.CT. 2321 (1991)

**26.**    Even though Plaintiff was not a prisoner dully convicted as required to be punished with penological interest, Plaintiff was treated as a felon-prisoner while the pendency of his immigration proceedings and without bond. Such customary misconduct of the defendants is clearly established by the substantial denial of constitutional rights of access to the Immigration Court, and *wanton infliction of cruel and unusual punishment* for which

Plaintiff resulted irreparable injured. As in CANELL V. LIGHTNER, 143 F.ED 1210, 1213 (9TH CIR. 1998) in that case, Circuit Court states that Plaintiff was not asserting a claim for mental or emotional injury. He asserted a claim for his First Amendment rights. As Plaintiff REYES LUJAN is asserting in this claim, by the clear established violation to his denial of access to the Immigration Court, since 2005 until the date of filing of this suit. See, **EXHIBIT A,D.**

**27.**    The violation of Plaintiff First Amendment right entitles a Plaintiff to a judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred. Therefore Section 1997e(e) of the Prison Litigation Reform Act, does not apply to First Amendment claims regardless of the form of relief sought.

Clearly and by unequivocally evidence and argument presented the defendants violated Plaintiff's clear established constitutional rights and Treaties. The defendants should know that Plaintiff was not and is not deportable or inadmissible simple because he served less than a year on Misdemeanor offenses as noted in **EXHIBIT A**, and FBI record showing that Plaintiff was removed simply because the defendants entrapped Plaintiff on an illegal arrest and seizure and for 6 months being tortured until coercively being mentally and physically defeated obtained Plaintiff involuntary removal.

## X. CLAIN NUMBER FOUR

**28.**        **Section 1350 Alien´s Action for Tort defines *Torture*.**

For the purpose of the Act (Torture Victim Act) Section (3)(b)(1)(2)(A)(B)

1.        The term *Torture* means any act directed against an individual in the offender´s custody or physical control, by which severe pain or suffering (other than pain or suffering arising only from or inherent in, or incidental to, lawful sanctions) whether physical or mental, is intentionally inflicted on that individual for such purposes as obtain from that individual or a third person, information or a confession, punishing that individual for an act, that individual or a third person has committed, or is suspected of having committed, intimidating or coercing that individual or a third person, or for any reason based on discrimination of any kind; and

(b)(2) mental pain or suffering refers to prolonged mental harm caused by or resulting from-

(A) the intentional infliction or threatened infliction of severe physical pain or suffering;

(B) the administration, or threatened administration or application, of mind altering substances or other procedures calculated to disrupt profoundly the sense of the personality.............

**29.**    Clearly and by unequivocally evidence the record reveals that the defendants acted in collusion to injure and tortured

Plaintiff LUJAN TREVIÑO while in custody of the offenders in order to obtain form him his involuntary departure to Mexico,  and by such mean of brutality, bar Plaintiff to legally return into the United States and subsequent deny access to the Immigration Court, despite Plaintiff's due diligence and exhaustion of legal remedies, such as the timely filed Motion to Reopen (filed back on March 30th 2018) and subsequent application 212(c) relief. Further the defendants  I.J.s and Clerk of the Immigration Court, refuse to honor the latest 5 FOIA Petitions filed by Plaintiff. See, **EXHIBITS A-D**

Said customary brutality and modus operandi of state and federal officials in the United States is clearly explained to the media by Harris County District Attorney, how they targeted our immigrant community and colored people in a desperate effort to keep operating the Terrorist Organization **Texas´ Gulag TDCJ**:

*ONE OF THE REASONS PEOPLE PLEAD GUILTY FOR CRIME THEY HAVE NOT COMMITTED IS THEY CAN´T MAKE BAIL AND HAVE TO WAIT IN JAIL WHILE WAITING FOR TRIAL. IF THEY ARE CONVICTED THEY MIGHT GET DECADES IN PRISON. THEY PLEAD GUILTY IF THEY ARE OFFERED A DEAL THAT TOO GOOD TO RESIST.*

*BY JUAN LOZANO*
*THE ASSOCIATE PRESS*
*JANUARY 25TH 2015.*
*See, **EXHIBIT E**.*

Said custom and policy are evident on every single arrest and

seizure perpetrated by the defendants (in fact kidnappings) to the extent to impose a nick-name our immigrants as **ATM MACHINES,** the defendants after assault their victims and take their cash, throw them in county jail for several months without GRERSTEIN HEARING of probable cause, while charging them of aggravated felonies or crimes that never happened. Or committed by the defendants.

**30.**    In <u>TEXAS V. MANUEL RIVERA</u>, 2013 CR 4809, RIVERA called 911 in order to find protection from San Antonio Police Officers as a victim of an assault perpetrated against him and his wife. At the scene appeared visible intoxicated Officer AARON KLOPP, who identified RIVERA as a Central American citizen, said offender handcuffed him proceeding to inflict RIVERA a brutal assault, until leaving him unconscious. instead to hospitalize him, the offender, immediately booked RIVERA at Bexar County jail, without charges. For 3 months RIVERA was being poisoned and punished with broken ribs and severe nerve damages, until the Human Rights Reporter MR. REYNALDO FLORES located him in solitary confinement and immediately contacted his wife, discovering that the non-registered Sex Offender SAPD AARON KLOPP, acting in collusion with the Bexar County Sheriff, the District Attorney and the fictitious Bexar County Grand Jury; falsely Indicted RIVERA on charges of an alleged Attempt to Take his Weapon from the offender KLOPP. See **EXHIBIT F.**

Without GERSTEIN HEARING of probable cause, RIVERA was tried in a private bench trial totally unconscious, while his wife was threatened by the RICOMAN retained counsel GERARD GONZALEZ to be raped if she appeared in court to testify on RIVERA´s behalf. Consequently with said judicial circus and treachery RIVERA was sentenced to seven (7) years forced labor in the Texas´ Gulag TDCJ.

On April 15th 2014, RIVERA was located by the Human Rights MR. REYNALDO FLORES, in order to acknowledge him that his kidnappers falsely entered to the record a false conviction of Aggravated Assault with Deadly Weapon to an unknown victim. See, **EXHIBIT G.**


**31.**          **TORTURE VICTIM PROTECTION ACT OF 1991**. SECTION 2. ESTABLISHMENT OF CIVIL ACTION (a) LIABILITY-AN INDIVIDUAL WHO UNDER ACTUAL APPARENT OR APPARENT AUTHORITY, OR COLOR OF LAW

OF ANY FOREIGN NATION-

    (2) SUBJECTS AN INDIVIDUAL TO TORTURE SHALL IN A CIVIL ACTION BE LIABLE FOR DAMAGES TO THAT INDIVIDUAL.................

    (c) FOR THE PURPOSE OF THIS ACT-

THE TERM TORTURE MEANS ANY ACT , DIRECTED AGAINST AN INDIVIDUAL IN THE OFFENDERS´ CUSTODY OR PHYSICAL CONTROL, BY WHICH SEVERE PAIN OR SUFFERING WHETHER PHYSICAL OR MENTAL IS INTENTIONALLY INFLICTED ON THAT INDIVIDUAL FOR SUCH PURPOSES AS OBTAINING FROM THAT INDIVIDUAL OR A THIRD PARTY INFORMATION OR CONFESSION,  PUNISHING THAT

**(1)** INDIVIDUAL FOR AN ACT THAT INDIVIDUAL OR A THIRD PERSON HAS COMMITED OR IS SUSPECTED HAVING COMMITED,

INTIMMITADING OR COERCING THAT INDIVIDUAL OR A THIRD PERSON HAS COMMITED OR FOR ANY REASON BASED ON DISCRIMINATION OF ANY KIND; AND

(2) MENTAL PAIN OR SUFFERING REFERS TO PROLONGED MENTAL HARM CAUSED BY OR RESULTING FROM

(B) THE INTENTIONAL INFLICTION OR THREATENED INFLICTION OF SEVERE PHYSICAL PAIN OR SUFFERING...........

For the clear violation to the U. N. Declaration of Human Rights as a Treaty signed by the United States Plaintiff is claiming five million Dollars ($5,000,000.00) in compensatory damages damages  against each defendant jointly and severally and ten (10) million Dollars in punitive damages for obstruction of justice, for intentional torture and infliction of cruel and unusual punishment as violative to the U.N. Convention Against Torture, 8th and 14th Amendments of the U.S. Constitution and 4th Amendment through Plaintiff illegal arrest and seizure lacking probable cause for his detention and confinement.

## XI. CLAIM NUMBER FIVE
## FREEDOM OF INFORMATION ACT VIOLATION AND 14TH AMENDMENT VIOLATION

**32.**      Plaintiff claims that the defendants DHS ICE, USCIS, and I.J. CYNTHIA LAFUENTE GAONA, I.J. JANE, I.J. JOHN DOE, and

the Clerk of the Immigration Court, violated his statutory federal right under 5 USC Section 552.

The defendants have been furnished with at least 5 FOIA Petitions, one Motion to Reopen Immigration Proceedings pursuant to 8 USC Section 1229a(C)(7) and an Application for Relief under former INA 212(c) Waiver and the required filing fee (US $930.00). See **EXHIBITS B and D.**

Said defendants with callous indifference for the statutory and mandatory right under 5 USC Section 552 instead to provide Equal Protection of Law and Due Process under the 14th Amendment are conspiring to keep injuring Plaintiff by concealing and destroying Plaintiff timely filed Petitions and Motions with the solely evil purpose to avoid Plaintiff return legally into the United states and claim his business and Property and his retroactive 10 years funds accumulated in the Social Security administration. Leaving Plaintiff with severe physical injuries and health issues. while preventing the due course of justice. **(FN.6).** FORREST V.

**_FN.6**_____

THE LOUSIANA STATE SUPREME COURT GAVE THE GREEN LIGHT TO A MONROE BUSINESSMAN'S LAWSUIT AGAINST FOURT JUDICIAL DISTRICT COURT OFFICIALS INCLUDING FIVE JUDGES AND A CLERK, WHO ARE ACCUSED OF TAMPERING WITH COURT FILING AND COUCAELING THE ACTIVITY. THE SUPREME COURT'S JUNE 26 RULING IN SAID CASE ON A SERIES OF APPEALS THAT BEGAN NEARLY FOUR YEARS AGO. IN HIS JULY 2015 LAWSUIT **STANLEY PALOWSKY III, OF MONROE,** ALLEDGES THAT THE LAW CLERK ALLYSON CAMPBELL, _CONCEALED OR DESTROYED_ COURT DOCUMENTS ON A SEPARATE LAW SUIT AGAINST HIS FORMER BUSINESS PARTNER. PLAINTIIF ALSO SUED FOUR JUDICIAL DISTRICT JUDGES ALLEGING THE JUDGES KNEW ABOUT CAMPBELL'S ACTIVITIES AND WORKED WITH HER TO COVER UP THE ACT.

<u>WHITE,</u>  Cited by, **STANLEY R. PALOWSKY III AND OTHERS V.ALLISON CAMPBELL AND OTHERS,** LA. R.S. 13:4688 LA SUPREME COURT.

As in <u>FORRESTER V. WHITE</u>, 484 U.S. 219 (1988) the Supreme Court held  a state court judge does not have absolute immunity from a damages suit under Section 1983 for his decision to demote and dismiss a court employee. Pp 484 U.S. 223-230.

The Supreme Court accordingly, has applied the functional approach under which the nature of the function entrusted to particular officials is examined in order to evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of that functions. Even with respect to constitutional immunity granted for Congress and the President, the Supreme Court has been careful not to extent that scope of protection further than its purposes require. Pp. 488 U.S. 223-225 .


Defendants' decision to conspire against Plaintiff  REYES LUJAN ordering to the defendant Clerk of the Immigration Court to concealed Plaintiff' documents (e.g. Motion to Reopen and FOIA Petitions) are administrative functions, rather than judicial or adjudicative in nature, for which defendants Immigration Judges LAFUENTE GAONA, JANE DOE, JOHN DOE and Clerk of the Immigration Court, neither USCIS, DHS ICE, or CBP officials are **NOT** entitled to qualified immunity nor to absolute immunity. <u>FORRESTER</u> at Pp .U.S. 229-230.

Page 34 of 44

Said customary judicial misconduct of Texas Judges and Clerks were established in REYNALDO FLORES V. FOURTH COURT OF APPEALS JUSTICE, CATHERINE STONE, BEXAR CNTY CLERK;DONNA K. McKENNEY, SAPD, TDCJ., ET AL., case in which the Human Rights Reporter and Philanthropist FLORES, after entrap the defendants in their own judicial circus and represented himself on appeals on an expost facto and double jeopardy false charges in 2012 CR 1969, the defendants conspired to deny the required records to properly file the mandatory appellant's brief. Instead McKINEY acting in collusion with the defendants sent to FLORES the medical record of some residents of the Texas' Gulag TDCJ, MR. XAVIER ORTIZ. Once exposed in Federal Court, the defendants transferred FLORES to the Texas' Gulag TDCJ in order to cause him disappear and avoid the due course of justice. Despite the prohibition of the 83th Texas Legislation to transfer inmate to TDCJ while on direct appeal.

For the aforementioned conspiratorial and well known criminal actions of the defendants and compelling reasons the defendants are civil and criminal liable by acting out of their role of their judicial and prosecutorial capacities. Furthermore, the actions of the defendants constitutes International and Domestic Terrorism pursuant to 18 USC Section 2331. And should be prosecuted by the U.S. Attorney.

## XII. CLAIM NUMBER SIX

## DOUBLE JEAOPARDY CLAUSE VIOLATION PURSUANT THE FIFTH AMENDEMENT OF THE UNITED STATES CONSTITUTION AND TREATIES

**33**.        The Fifth Amendment U.S. Constitution and United Nation Universal Declaration of Human Rights and CAT prohibit Double Jeopardy. Furthermore, the Double Jeopardy Clause of the Fifth Amendment provides *"nor shall any person be subject for the same offense to be twice be put in jeopardy of limb or life"*. MISSOURI V. HUNTER, 459 U.S. 359 (1983). Citing BLOCKBURGER V. UNITED STATES, 284 U.S. 299.

        And that prohibition applies to civil punishment such as the case at bar, as noted in DEPARTMENT OF REVENUE OF MONTANA V. KURT RANCH, 511 U.S. 767 (1994).Case in which petitioner after his conviction was civil punished with taxes on the amount of possession of marijuana seized. Which clearly constitute a form of double jeopardy punishment under the *HALPER test.* **(FN.7)**

        The KURT Court held:

        The Tax violates the constitutional prohibition against

**FN.7**_____

UNITED STATES V. HALPER, 490 U.S. 435 IS WHETHER THE SANCTION IMPOSED IS RATIONAL RELATED TO THE DAMAGES THE GOVERNMENT SUFFERED, THAT THE KURTS WERE ENTITLED TO AN ACCOUNTING TO DETERMING IF THE SANCTION CONSTITUTED A SECOND IMPERMISSIBLE SECOND PUNISHMENT, AND THAT THE TAX WAS UNCONSTITUTIONAL AS APPLIED TO THEM BECAUSE THE STATE REFUSED TO OFFER ANY SUCH EVIDENCE

successive punishment for the same offense. Based on the *HALPER Test,* Plaintiff JOSE REYES LUJAN TREVINO argues that the defendants Immigration Judges and Social Security Administration as well as DHS ICE, USCIS and CBP Officers violated the constitutional prohibition against successive punishment for the same offense.

However, nothing in the record show that Plaintiff was convicted of any offense which would render inadmissible under any provision of the Immigration and Nationality Act.

Plaintiff never served even a year in County Jail nor state or federal probation to sustain any ground of deportability. And without any doubt the arbitrary arrest-seize and long 6 months tortured in an Immigration Detention Center no solely violated the entire Bill of Rights and Treaties but also constitutes double jeopardy and flagrant consecutive punishments by the defendants Immigration Judges, DHS ICE, USCIS, CBP Officers.

In addition the defendants Immigration Court Judges and Social Security Administration are imposing a consecutive punishment through the denial of access to Plaintiff retirement funds, allegedly because Plaintiff was removed from the United States and possesses no rights to collect those funds.

Clearly no penological interest exist in this matter, rather than the infliction of cruel and unusual punishment imposed to Plaintiff by the defendants. And such conspiratorial-egregious and customary misconduct also violated the United Nations Convention

against Torture and the entire Universal Declaration of Human Rights, and Plaintiff's 28 USC Section 1350 Alien's Action for Tort federal statute.

## XIII. CLAIM NUMBER SEVEN
## FRAUD ON COURT AND REQUEST FOR EQUITABLE TOLLING ON THE TIME LIMIT (IF ANY)

**34.**        finally and as last claim, Plaintiff argues that the defendants acting under color of law, are not entitled to invoke any state or federal statute of limitations in this matter, where their own fraudulent actions and continuous misconduct prevented the due course of justice. For which the defendants are also liable to Plaintiff, pursuant to 42 USC Sections 1981, 1983, 1985(2)(3), 1986. **(FN.8)**.

In <u>BELL V. CITY OF MILWAUKEE</u>,  746 F.2D 1205 (7th CIR. 1984). The defendants invoked the state (3 years) statute of limitations. Despite over 30 years elapsed since the date of the cause of action arose the Appellate Court GRANT equitable tolling of the time limit due to the clear concealment of facts and fraud on court.

**FN.8**_____

42 USC SECTION 1985. CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS, (2) OBSTRUCTING JUSTICE; INTIMIDATION OF PARTY, WITNESS, OR JUROR (3) DEPRIVING PERSON OF RIGHTS OR PRIVILEDGE. SEE 42 USC SECTION 1986. ACTION FOR NEGLECT TO PREVENT.

Same here, Plaintiff's Petitions and Motion have been whether destroyed or concealed by the defendants and with deliberate indifference and mockery the defendants keep denying Plaintiff access to life liberty and property, acting as last decision makes for which the defendants acting out of their role of their judicial or prosecutorial capacities are not entitled to qualified immunity, neither to evoke the statute of limitation on any of claims presented by Plaintiff.

**35.**    The Plaintiff has no plain, adequate or complete remedy at law to redress the wrong described herein, Plaintiff has been and will continue to be irreparable injured by the misconduct of the defendants unless this court GRANTS the declaratory relief and injunctive relief which Plaintiff seeks.

## XIV. CONCLUSION AND PRAYER FOR RELIEF

**36.**    Any punishment or conviction imposed on any person has is done with penological interest only, not with the purpose to obtain personal gain upon the suffering and pain of their victims. **Otherwise, violates the constitutional and Universal guarantees/rights of Due Process under the Fifth and Fourteenth Amendments USCA and Treaties.**
**WHEREFORE,** Plaintiff respectfully prays the U.S. District Court

Page 39 of 44

Laredo Division as proper jurisdiction pursuant to 28 USC Section 1350 enter judgment GRANTING Plaintiff:

**37**.    A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States and Treaties.

**38.**    A preliminary and permanent injunction ordering the defendants CYNTHIA LAFUENTE GAONA, JANE DOE, JOHN DOE, and CLERK of the Immigration Court to

(A)       Ordering the defendants Immigration Court Judges to rule on Plaintiff' Motion to Reopen Immigration Proceedings filed on March 30th 2018.

(B)       Ordering the defendants Immigration Court Judges and Clerk of said Court to discharge their statutory and constitutional obligations to honor the Freedom of Information Act of title 5 Section 552 by furnishing Plaintiff any ruling and information requested on every FOIA Petition.

(C)       Ordering the defendants to discharge their constitutional and statutory obligation and canons for which they were elected or appointed, without acting in an illegal and irrational fashion.

**39.**       For the violation of Plaintiff's statutory right under 5 USC Section 552 Freedom of Information Act, Plaintiff prays the court GRANT US $1,000,000.00 (one million Dollars) in compensatory damages taxable to defendants LAFUENTE GAONA, JANE DOE, JOHN DOE and CLERK of the Immigration Court against each

defendant jointly and severally.

**40.**    Pursuant to Section 1985(2)(3),(1986) for the conspiracy, obstruction of justice and failure to prevent the injuries GRANT Punitive damages against LAFUENTE GAONA, JANE DOE, JOHN DOE, and CLERK of the Immigration Court in the amount of US $ 5,000,000.00 against each defendant jointly and severally.

**41.**    For the clear violation of the Sherman Act Section 4-Clayton Act of Title 15 Sections 13 and 15a against Plaintiff's discrimination,  Plaintiff prays the court GRANT the amount of US $ 900,000.00 (nine hundred thousand Dollars) against each defendant, taxable to the defendants VICTOR LUJAN JR., and ARMANDO GUTIERREZ, jointly and severally.

**42.**    For the intentional infliction of cruel and unusual punishment against Plaintiff, conspiracy, obstruction of justice, and failure to prevent Plaintiff prays the court GRANT compensatory damages on the amount of US $ 2,000,000.00 against defendants VICTOR LUJAN JR., and ARMANDO GUTIERREZ, jointly and severally.

**43.**    For the clear conspiracy to arrest-seize and conceal the fact to justify the illegal actions between defendants VICTOR LUJAN JR., ARMANDO GUTIERREZ, and Unknown Named DHS ICE, CBP Officers and clear deliberate indifference and violation to Plaintiff 4th Amendment, Plaintiff prays the court GRANT U.S. $2,000,000.00 in compensatory damages against said defendants jointly and severally.

**44.**    Punitive damages in the amount of U.S. $ 5,000,000.00 For the continuous deliberate indifference for the Treaties and torture of Plaintiff and failure to prevent the injuries acting in their personal and official capacities and failure to supervise the deficient unconstitutional law libraries in Immigration Detention Center as violative to the First and  Fourteenth Amendments and conspiracy to prevent the due course of justice, jointly and severally.

**45.**    Plaintiff prays the court to compel the DHS ICE defendant to furnish the Immigration Detention Centers law libraries with **_printed_** (1) _Supreme Court Reporter edition_ (2) _Federal Supplement and_ (3) _the Immigration and Nationality Act Edition._ **_Latest editions_**. Main reason for which Plaintiff and million of immigrants are forced to leave the United States.

**46**.    Plaintiff prays the DHS ICS and USCIS to rule in the last Motion to Reopen and Plaintiff' Application for Waiver on Grounds of Inadmissibility pursuant the former INA 212(c).

**47.**    A Jury Trial on all issues triable by Jury

**48.**    Plaintiff's costs in this suit

**49**.    Plaintiff prays the court to compel the U. S. Attorney to prosecute the defendants on charges of violation of Civil Rights 18 USC Sections 241, 242, and International and Domestic Terrorism pursuant to 18 USC Section 2331.

**50.**    Plaintiff prays the court to compel the defendant Social security Administration to pay Plaintiff' retirement funds and

retroactive 10 years of payments. Since this defendant have been continuous violating Plaintiff due process' Double Jeopardy Clause and Convention Against Torture.

**51**.    Compensatory damages in the amount of U.S. $2,000,000.00 (two million Dollars) for the injuries suffered as a disable person for the last ten (10) years living as indigent in Mexico. Jointly and severally.

**52**.    Punitive damages in the amount of U.S. $ 5,000,000.00 (five million Dollars) for the continuous and reckless disregard plaintiff's rights and Treaties and mockery to Plaintiff. Jointly and severally.

**53**.    Due to imminent physical injuries and torture perpetrated against Plaintiff at the hands of the defendants and continuous threats directed to Plaintiff's family and friends, Plaintiff prays the court to serve the defendants the summons and complaint by and through the United States Marshalls as provides Rules 4-5 of Fed. R. Civ. Proc.

**54**.    Any additional relief this court deems just, proper and equitable.

Dated: October 2, 2020.

JOSE REYES LUJAN TREVINO

C/O CESAR HINOJOSA ESTRADA

1200 EAST CALTON ROAD APPARTMENT #37

LAREDO TEXAS 78041

EMAIL proselitigants1972atgmail.com

## XV. CERTFICATE OF SERVICE AND VERIFICATION

I, JOSE REYES LUJAN TREVINO, by my interpreter and relator the Human Rights Reporter and Philanthropist MR. REYNALDO FLORES, have been translated and read the foregoing complaint and hereby verify the matter alleged therein are true, except as to matters alleged on information and belief, and as those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at the city of Nuevo Laredo Tamaulipas, State of Tamaulipas, Mexico. On this the second day of October 2020.

In abeyance of relief sought, respectfully submitted:

JOSE REYES LUJAN TREVINO

C/O CESAR HINOJOSA ESTRADA

1200 EAST CALTON ROAD APPARTMENT #37

LAREDO TEXAS 78041

EMAIL proselitigants1972atgmail.com

Page 44 of 44